**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

YUDAI MA,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

</td><td>

No.    20-72275

Agency No. A206-532-063

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2021[**]
Pasadena, California

Before: GRABER, CHRISTEN, and OWENS, Circuit Judges.

Petitioner Yudai Ma, a native and citizen of China, seeks review of the

Board of Immigration Appeals' ("BIA") decision affirming the immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination. See Shrestha v. Holder, 590 F.3d 1034, 1039–1042 (9th Cir. 2010) (stating standard of review). The BIA assessed "the overall conclusion" of the IJ concerning credibility and noted that the IJ "based her adverse credibility determination on the totality of the circumstances." The BIA gave examples of problems that the IJ had noted, but did not reject other reasons offered by the IJ, so we may consider the IJ's reasoning. Tekle v. Mukasey, 533 F.3d 1044, 1051 (9th Cir. 2008).

Petitioner's testimony was inconsistent with evidence in the record. For example, Petitioner testified that her mother came with her to the United States in 2013. But the mother's letter does not mention that she had accompanied Petitioner; instead, it states that Petitioner "left China for the U.S." and that the two "talked over the phone and video chat frequently" after the move.

Additionally, Petitioner offered inconsistent statements at different points in the proceedings. She told the asylum officer that she did not receive a certificate of her baptism in China, but she testified before the IJ that she did receive such a certificate shortly after her baptism in 2011. As another example, Petitioner told

the asylum officer that she did not graduate from high school. But she testified before the IJ that she had in fact graduated from high school. Those inconsistencies provided the agency with an appropriate reason to conclude that Petitioner did not provide credible testimony. The agency permissibly found that Petitioner's inconsistent statements regarding her asylum claim supported the adverse credibility determination. See Enying Li v. Holder, 738 F.3d 1160, 1163 (9th Cir. 2013) (holding that, in the immigration context, the fact-finder may "disbelieve a witness's entire testimony if the witness makes a material and conscious falsehood in one aspect of [her] testimony" (emphases omitted)).

Further, the IJ relied on, and the BIA held, that some of Petitioner's testimony was implausible. The agency's skepticism was supported by substantial evidence. Petitioner's explanation for why documents that would have been created in 2011 and 2012 were lost and not found until 2017 and 2018 was implausible. See Singh v. Gonzales, 439 F.3d 1100, 1110 (9th Cir. 2006) ("[S]kepticism as to the plausibility of [a petitioner's] account may be a proper basis for finding his testimony is inherently unbelievable, if [the] logical inferences are supported by substantial evidence."), overruled on other grounds by Maldonado v. Lynch, 786 F.3d 1155, 1164 (9th Cir. 2015).

3

Next, the agency was permissibly skeptical of documents allegedly corroborating Petitioner's claims. Aden v. Holder, 589 F.3d 1040, 1046 (9th Cir. 2009). As the IJ noted, a "vague and simplistic" diagnosis certificate stated that Petitioner received treatment by an orthopedics department for an electric baton-inflicted injury to her arm. The IJ reasoned that this sort of injury was unlikely to be something orthopedists would treat. The vagueness of that document contrasted with a detailed report from that same department concerning treatment of a sports-related injury to Petitioner's wrist, which is a type of injury that an orthopedist would treat.

Finally, Petitioner admitted that she had provided false information on her visa application. Petitioner argues that she provided false information only to escape China, and thus, that we may overlook her deceptive statements made to immigration officials. Cf. Akinmade v. INS, 196 F.3d 951, 955 (9th Cir. 1999) ("[A] genuine refugee escaping persecution may lie about his citizenship to immigration officials in order to flee his place of persecution or secure entry into the United States."). But Petitioner has failed to establish that, at the time she submitted her student visa application, the deception was necessary to "escap[e] immediate danger." See Singh v. Holder, 643 F.3d 1178, 1181 (9th Cir. 2011)

(explaining that a deceptive statement counts as substantial evidence supporting an adverse credibility finding).

Petitioner offers explanations for the inconsistencies described above. But her explanations fail to establish that the record compels a conclusion contrary to the conclusion reached by the agency. Manes v. Sessions, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam).

2. Substantial evidence also supports the BIA's denial of Petitioner's claim for relief under CAT. See Shrestha, 590 F.3d at 1048 (stating standard of review). The evidence, apart from Petitioner's disbelieved testimony, does not compel a finding that she "more likely than not" faces torture "by or with the acquiescence of a government official or other person acting in an official capacity" if she were removed to China. Tamang v. Holder, 598 F.3d 1083, 1095 (9th Cir. 2010). Petitioner fears that she would be arrested if returned to the country. But Petitioner has failed to establish that she faces a "particularized threat of torture" nine years after her 2012 arrest. Dhital v. Mukasey, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (emphasis omitted) (internal quotation marks omitted). Petitioner's conclusory assertion that she would be arrested if returned does not constitute substantial evidence sufficient to overcome the agency's finding that she has not

demonstrated a likelihood of torture.  <u>Guo v. Sessions</u>, 897 F.3d 1208, 1217 (9th Cir. 2018).

**PETITION DENIED**.